## LUKENS *v.* FORD.

1. Construing all the charge together, there was no material error committed by the judge in the trial of this case.
2. The verdict was warranted by the evidence.

July 13, 1891.

Charge of court. Verdict. Before Judge MILNER. Whitfield superior court. October term, 1890.

Reported in the decision.

McCUTCHEN & SHUMATE, for plaintiff.

W. K. MOORE and R. J. & J. McCAMY, for defendant.

BLECKLEY, Chief Justice.

In the ornithology of litigation this case is a tomtit, furnished with a garb of feathers ample enough for a turkey. Measured by the verdict, its tiny body has only the bulk of twenty-five dollars, but it struts with a display of record expanded into eighty-three pages of manuscript. It seems to us that a more contracted plumage might serve for so small a bird, but perhaps we are mistaken. In every forensic season, we have a considerable flock of such cases, to be stripped and dissected for the cabinets of jurisprudence. We endeavor to pick our overfledged poultry with judicial assiduity and patience.

1. The motion for a new trial contains eight grounds, five of them alleging error in the charge of the court. The full charge is set out in the record, and we have examined it minutely. Reading it all together, and construing it as a whole, it is free from material error. We see nothing misleading in the statement that "This case is to be tried by the evidence before you, and not upon the evidence or the conclusions drawn from evidence in another case." It appears to us that it was not prejudicial to the plaintiff to instruct the jury at the request of defendant's counsel that under the contract governing the relation of the parties to each other, "Ford would have no right to dig down and lower plaintiff's stream without her consent; she had a right to keep it at the height it then stood if it was not below the natural height." This looks like it was true as far as it went; and if it did not fit on to the grounds of

the suit, or square with the contention of plaintiff's counsel at the trial, it had only the vice of irrelevancy. The charge in full contained ample matter that did apply to the real issues, and which expounded the law of them clearly and correctly. By some casualty the charge is blank as to one of them, but this is not complained of. Why the defendant should have requested the court to instruct that he, the defendant, had no right to dig down and lower the spring, and that the plaintiff had a right to keep the water in it as it stood at the date of the contract, if it was not below the natural height, we are at some loss to conjecture; but we cannot order a new trial because the defendant requested instructions apparently favorable to his adversary, and the court gave them in compliance with the request. Perhaps the object of the defendant was to curry favor with the jury by showing them that he was willing to make concessions, and was not disposed to controvert what was of no consequence to the merits of the dispute. But we do not know this to be so; and if we did, we hardly think that such a light touch in currying favor would vitiate the trial. We agree with the court in thinking that under the contract, the defendant "could construct one or more ponds from time to time till he completed his system or exhausted the grant, and this he could do without any further consent on the part of the owner of the land." Regarded in the light of the evidence and of the whole charge, we endorse the instruction that "the defendant would be entitled to recover damages caused by the cutting down of the dams by the plaintiff or her agent causing an escape of his fish, if you find from the evidence that she or her agent so cut the dams." The pleadings of the defendant brought before the court and jury his claim for the damages here referred to. The instructions given to the jury as to the form of their verdict were

undoubtedly correct, and they were broad enough to guide the jury in finding for either party. It was not incumbent upon the court to give more specific or extensive instructions unless they had been requested. So far as appears, there was not even any suggestion from counsel when the verdict was returned, that it should settle anything but what it expressed. Had there been at that time a request to send the jury out again to find a more comprehensive verdict, the court might have complied with it. There is a strong flavor of afterthought in what the motion for a new trial has to say touching the form of the verdict.

The observations we have made dispose of objections to the charge of the court. One of the grounds of the motion complains of a refusal to charge as requested, but the request was not presented in writing, and the language of it was not so perspicuous as to make clear to the mind at once that it lays down sound law. Indeed, after reading its terms over and over, we are not quite certain that the request is sound as it stands in the record. We rather think it should have been qualified by some reference to the way, if any, actually used under the contract before any dispute about the means of ingress and egress arose. But what we decide is, that the accuracy of the request is not so apparent as to make it error to decline giving it in charge on the report of the ear alone, with no aid from the eye. We might add that we deem the matter to which the request relates rather too inconsiderable to warrant the grant of a new trial on account of it alone. To reopen this fierce but petty litigation because of a slight error, would not be wholesome practice. This is the second of the spring and fish-pond cases. The first is reported in 81 *Ga.* 633.

2. The remaining two grounds of the motion are the general ones attacking the verdict as contrary to law.

and evidence.   In so far as our duty requires us to verify the correctness of the verdict, we regard it as sound enough to be upheld by the presiding judge in the exercise of his discretion.                    *Judgment affirmed.*