519 P.2d 888

**Lawrence CREASE, Plaintiff and Respondent,**

**v.**

**PLEASANT GROVE CITY, a municipal corporation, et al., Defendants and Appellants.**

**No. 13245.**

Supreme Court of Utah.

Feb. 7, 1974.

Noall T. Wootton of Wootton & Wootton, American Fork, for appellants.

A. Dean Jeffs of Jeffs & Jeffs, Provo, for respondent.

CROCKETT, Justice:

Lawrence Crease sued Pleasant Grove City, its Justice of the Peace, C. O. Newman, and its City Councilman, W. G. Klemm, alleging false arrest, false imprisonment, malicious prosecution, and, later added, abuse of process. This all arose out of his prosecution, conviction and imprisonment for violation of the city's sewer connection ordinance. On appropriate motions, not material here, the parties and the issues have all been eliminated except against Councilman Klemm on the issue of abuse of criminal process. Upon it a jury rendered a verdict against him in the amounts of: $295 for loss of earnings, $3,000 damages to his business, and $1,705 punitive damages.

Defendant Klemm appeals, contending that there is no legal basis nor evidence to support a finding that he was guilty of abuse of process, or the damages awarded.

The city of Pleasant Grove had installed a sewer system which was to be financed by a bond issue, which in turn was to be paid off by the sewer charges to residents. For this purpose a duly adopted ordinance imposed a connection fee of $50 for each residence; and $2.50 per month service charge. It further appears that although Mr. Crease and some other residents did not actually connect to the sewer system, so long as they paid the charges, the city did not insist on their actual connection to the system. Plaintiff Crease paid the $50 connecting fee, and the $2.50 monthly service charge until December 1960, when the city council raised the monthly rate to $3. He then informed the city treasurer that inasmuch as he was not connected nor receiving the sewer service, he would not pay.

Defendant Klemm was the city councilman in charge of the sewer and water department, among whose duties was the collection of the charges. He consulted with the city attorney, H. Grant Ivins, as to means of enforcing the ordinance and collecting Mr. Crease's delinquency. After this consultation, Mr. Ivins wrote a letter to Crease in October of 1961 instructing him that if he did not pay the back charges and connect to the sewer, legal action would be commenced to recover them. There was no response and nothing was done until the following April, 1962. Councilman Klemm again talked to Mr. Ivins, who indicated some doubts about the propriety of a criminal complaint, and expressed the preferability of a civil action. Nevertheless, Mr. Ivins testified that he prepared the criminal complaint charging Mr. Crease with violating the ordinance. Mr. Klemm again discussed the matter with

Mr. Crease. The latter reaffirmed his refusal to pay the bill; and both of them expressed the thought that perhaps there should be a test case. The next day Klemm signed the complaint before the justice of the peace.

Trial was held on October 30, 1962, at which Judge Newman found Mr. Crease guilty and rendered this judgment:

That the defendant, Lawrence Crease, pay the sum of $100.00 and serve twenty (20) days in the Pleasant Grove City Jail; $50.00 of such fine to be suspended together with the jail sentence if, within 90 days from this date, the defendant pays the sum of $48.00 and within said 90 day period makes the proper connection with the Pleasant Grove sewer.

It is significant that no appeal was taken from that ruling, and it therefore stands unassailed as a valid judgment.

■ After the expiration of the 90 days, Mr. Crease having failed to comply with the judgment, Judge Newman issued a commitment. But in the judgment there was inserted in his handwriting an added 30 days. Upon that commitment Mr. Crease was incarcerated on August 9, 1962. Pursuant to the filing of a petition in habeas corpus, he was released four days later, on August 13, pending a hearing thereon. Nothing further was done until the following June, 1963. At that time Mayor Fordam of Pleasant Grove told Mr. Crease that the entire matter would be dismissed if he would hook on to the sewer and pay the back charges. Mr. Crease stated he was willing to hook on, but still refused to pay the back charges. A few days after this conversation, Mr. Crease was, on June 28, 1963, again incarcerated to finish serving his sentence. He remained in jail for 18 days, until July 16, 1963, when, in habeas corpus proceedings, the district court properly found that the addition of 30 days to his original sentence was invalid,[1] and he was released.

On the basis of the facts recited above Mr. Crease brought this suit against the city, the justice of the peace, the mayor, and City Councilman Klemm, attempting to assert the various causes of action as stated at the beginning hereof: false arrest, false imprisonment and malicious prosecution. Except for the later added cause of abuse of process against Councilman Klemm, the other parties have been eliminated, and the causes have fallen by the wayside.[2]

■ The question that remains and is confronted on this appeal is whether there

---

1. That court was without authority to change the sentence, see Combs v. Turner, 25 Utah 2d 397, 483 P.2d 437.

2. Reminiscent of this expression: A case arrayed in feathers ample enough for a turkey, but stripped to its essentials, found to be no more than a sparrow, Cf. Statement of Bleckley C. J. in Lukens v. Ford, 87 Ga. 541, 13 S.E. 949.

is any reasonable basis to sustain a cause of action against defendant Klemm for abuse of process. There are certain propositions of law to be kept in mind as bearing on that problem. A cause of action for abuse of process is quite different in character from those which are concerned with the initiation of a proceeding against the victim, and which have been eliminated from this action.[3] Therefore, whether there was an abuse of process is to be determined as an issue independent from the rightness or wrongness of the prior steps in the proceeding.

◼ It is to be conceded that even though an action may have been properly initiated, and even though the process (the commitment) was lawfully issued, if it was used for an ulterior purpose for which it was not intended, that could be found to be actionable as an abuse of process.[4] This is so because the essence of that cause of action is a perversion of the process to accomplish some improper purpose, such as compelling its victim to do something which he would not otherwise be legally obliged to do.[5] On the other hand if it is used for its proper and intended purpose, the mere fact that it has some other collateral effect does not constitute abuse of process.[6] As specifically applicable here, this is so even though it may incidentally and indirectly exert pressure for the collection of a debt.[7]

◼ We revert to a consideration of this case in the light of what has been said above. Proceeding upon the premise that inasmuch as no appeal was taken, the judgment against Mr. Crease must be regarded as valid, it follows that there was nothing unlawful or improper about the issuance of a commitment thereon to carry out the original judgment and 20-day sentence. It is to be recognized that the defendant Klemm had manifested an ardent interest in the enforcement of the ordinance, and in the collection of the delinquency from Mr. Crease. However, the important facts bearing on the issue here are that there is no showing whatsoever that Councilman Klemm personally had anything to do with the improper later addition of another 30 days to the sentence, or with the issuance of the commitment. We therefore fail to perceive any basis in the evidence to jus-

3. See I Am.Jur.2d 251; and annotation at 14 A.L.R.2d 322, Sec. 17; as distinguished from false imprisonment, which is the unlawful detention of a person, see Mullins v. Sanders, 189 Va. 624, 54 S.E.2d 116.

4. American Credit Bureau, Inc. v. Bel-Aire Interiors, 11 Ariz.App. 168, 462 P.2d 861; Barquis v. Merchants Collection Ass'n of Okland Inc., 7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817.

5. I Am.Jur.2d 252; 14 A.L.R.2d 268.

6. Baird v. Aluminum Seal Co., 3 Cir., 250 F.2d 595.

7. I Am.Jur.2d p. 262 Sec. 15 Abuse of Process.

tify imposing liability on him for the claimed abuse of process.

Our conclusion that the judgment cannot be sustained for the reasons hereinabove set forth makes it unnecessary and undesirable to discuss the frailties which exist in the proof of damages, and other errors assigned.

Remanded with directions to enter judgment for the defendant. Costs to defendant (appellant).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.