Kae SMITH, Plaintiff and Appellant,

v.

Dan M. VUICICH, Defendant and Respondent.

No. 19392.

Supreme Court of Utah.

April 11, 1985.

Robert B. Hansen, Salt Lake City, for plaintiff and appellant.

Lynn S. Davies, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff appeals from a judgment in the amount of $3,300 entered on a special verdict in favor of defendant on his counterclaim against plaintiff for abuse of process. We affirm.

Plaintiff sued defendant for trespass on her unimproved land. Defendant answered that he crossed the land with a backhoe and tractor in order to reach his backyard to build a swimming pool and that no other approach was feasible. He also claimed that he had plaintiff's oral consent to do so and denied that plaintiff suffered any damages. Defendant counterclaimed against plaintiff for malicious prosecution and abuse of process. Plaintiff successfully moved to dismiss defendant's cause of action for malicious prosecution, but the claim of abuse of process remained at issue. The case was tried before a jury which was instructed on plaintiff's and defendant's theories. The jury in a special verdict found that defendant had not trespassed on plaintiff's land and that plaintiff had committed abuse of process. The jury awarded defendant "$3,300 in compensation, including attorney fees, for defending the lawsuit."

In this appeal, plaintiff claims that defendant's counterclaim does not state a claim and that there was insufficient evidence of any improper purpose on her part to sustain a judgment for abuse of process.

Defendant's counterclaim stated *inter alia* that plaintiff "has commenced this meritless action against defendant maliciously and with intent to defraud defend-

ant." The prayer of the counterclaim asked for "judgment against plaintiff in the amount of $10,000 for her malicious prosecution of this action, and her abuse of process in commencing this action," as well as for costs and attorney fees incurred in defending the action.

■ Plaintiff's contention that defendant's counterclaim fails to state a claim comes too late. Plaintiff claims that Rule 12(h) of the Utah Rules of Civil Procedure allows her to raise that defense at this time, inasmuch as the defense of failure to state a claim upon which relief can be granted is excepted from the general rule stated there. Issues brought under the exception of Rule 12(h) may be raised before or during trial, *Lignell v. Berg*, Utah, 593 P.2d 800 (1979) (addressing lack of legal capacity). However, Rule 12(h) certainly does not mean that failure to state a claim can be raised for the first time on appeal. The record before us does not disclose that plaintiff either pleaded or argued this issue at trial, and we therefore decline to address the merits of her argument. *Almon Inc. v. Utah Liquor Control Commission*, Utah, 696 P.2d 1210 (1985); *Bundy v. Century Equipment Company, Inc.*, Utah, 692 P.2d 754 (1985).

■ Plaintiff claims that there was insufficient evidence for the jury to arrive at its verdict that she abused legal process. The designated record on appeal contains only a partial transcript of the trial which deals exclusively with defendant's testimony and that of his witnesses. We have none of plaintiff's evidence before us. This Court will not upset a jury verdict unless there is a showing that the evidence so clearly preponderates against the prevailing party that reasonable people would not differ on the outcome of the case. *Bundy v. Century Equipment Company, supra* (citations omitted). The jury was properly instructed on the elements of abuse of process in language similar to that found in *Crease v. Pleasant Grove City*, 30 Utah 2d 451, 519 P.2d 888 (1974), and on the need to arrive at its verdict by a preponderance of

the evidence. Where the record before us is incomplete, we are unable to review the evidence as a whole and must therefore presume that the verdict was supported by admissible and competent evidence. *Stephens v. Schwendiman*, Utah, 688 P.2d 466 (1984) (citations omitted).

█ Finally, plaintiff attacks the verdict on the ground that it included an amount for defendant's attorney fees although the trial court had determined that an award of attorney fees pursuant to U.C.A., 1953, § 78–27–56 (Supp.1981) (actions brought without merit and not in good faith) should not be made. Again, the record furnished us by the plaintiff is unclear as to whether the court decided that attorney fees under the statute were not available. It appears, however, that the court took the view that attorney fees were a part of the damages recoverable for abuse of process, without regard for section 78–27–56, for it submitted a special interrogatory to the jury which asked it to fix damages "including attorneys fees." However, we decline to address the merits of the issue because nothing in the record indicates that plaintiff objected to the giving of that interrogatory.

The judgment on the verdict is affirmed. Costs are awarded to defendant.