*423 JUSTICE WARNER
concurs and dissents.
¶30 I concur with the Court that the District Court erred in granting the defendants’ motion for summary judgment on Seipel’s claim for malicious prosecution. However, I agree with the District Court that the defendants are entitled to summary judgment on Seipel’s claim for abuse of process.
¶31 An abuse of process claim requires an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. The Court today deletes an essential element of an abuse of process claim which distinguished it from an action for malicious prosecution.
An “abuse” or “malicious abuse” of process is its employment to obtain a result which the process was not intended by law to effect.
The fundamental distinction between malicious use and malicious abuse of process is that the first is an employment of process for its ostensible purpose, although without probable cause, whereas the second is employment of process for a purpose not contemplated by law.
72 C. J.S. Process § 152 (2005).
¶32 In accord with the common law, in Montana, until the Court’s decision today, the purpose to obtain some collateral result has been an essential element of the tort of abuse of process. Brault, 209 Mont. at 29, 679 P.2d at 240; Seltzer, ¶ 57.
¶33 In this case, the Court erroneously concludes that Seipel can go forward with his abuse of process claim simply because he presented evidence that Olympic had no valid claim against him and knew it, but nonetheless filed the action against him in federal court. ¶ 25. The Court states, citing Leasing, Inc., that use of the court system to file a baseless claim may constitute an abuse of process. ¶ 26. The Court misreads Leasing, Inc. There, no tort was alleged and no damages were claimed. In Leasing, Inc., the Lewis and Clark County District Court dismissed a lawsuit filed in Justice Court in Granite County because a contract, which was the basis of that suit, provided that it was to be performed in Lewis and Clark County and also provided that the venue of any action on the contract was Lewis and Clark County. This Court affirmed the District Court’s dismissal of the Justice Corut suit, agreeing that filing the action in Granite County was an abuse of process. Leasing, Inc., 235 Mont. at 136, 765 P.2d at 178. In Leasing, Inc., the suit in the Granite County Justice Court was filed to require *424 the defendant, Leasing, Inc., to litigate in Granite County, rather than proceed with a proper suit on the same contract it had previously filed in the District Court for Lewis and Clark County. The purpose of the Granite County suit was to make Leasing, Inc. do a collateral thing which the Justice Court could not legally and regularly compel it to do. The prayed for result was beyond the authority of the Justice Court. The suit in the Granite County Justice Court was thus described as an abuse of process. The Leasing, Inc. Court did directly cite to that portion of Brault which states that to constitute an abuse of process “there must be an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do.” Leasing, Inc., 235 Mont. at 136, 765 P.2d at 178 (citing Brault, 209 Mont. at 28-29, 679 P.2d at 240).
¶34 The requirement of a collateral purpose to sustain an abuse of process claim was reiterated in the Court’s latest case on the subject, Seltzer. In Seltzer, the plaintiff did not base his abuse of process claim on the isolated fact that the defendants filed a baseless lawsuit against him. He based his claim on the defendants’ untoward purpose in bringing the suit and their conduct of utilizing the suit as an instrument of coercion, rather than a legitimate means to resolve a genuine dispute. Seltzer’s complaint explicitly specified an alleged ulterior motive, defendants’ use of the lawsuit complained of to attempt to force him to untruthfully recant an opinion. Seltzer claimed that the plaintiffs in the alleged abusive suit had no intention of taking the underlying case to trial and that they simply utilized the lawsuit as a means to force him to recant his opinion. Seltzer, ¶ 58. The Court, citing to Brault, 209 Mont. at 29, 679 P.2d at 240, again stated that an abuse of process entails an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. Seltzer, ¶ 57.
¶35 Thus, a proper application of Montana law would require that in order to recover damages for abuse of process, a plaintiff must prove that (1) the defendant commenced a suit against him for an ulterior purpose and (2) the suit was a willful act in the use of the process not proper in the regular conduct of the proceeding. To establish the second element, there must be an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. Brault, 209 Mont. at 29, 679 P.2d at 240.
¶36 In this case, the alleged abusive suit filed by the defendants in federal court was for the purpose of recovering damages based on an *425 over-valuation of property. The suit was dismissed because Olympic did not obtain a certificate granting it authority to do business in Montana. It was not dismissed because it prayed for relief that the federal district court could not legally and regularly compel.
¶37 The suit in federal court is not an abuse of process, even though it may constitute a malicious prosecution if Seipel can prove the necessary six elements of such a claim. Seipel did not, and could not under these facts, present evidence that the federal lawsuit attempted to get him to do some collateral thing which he could not be legally and regularly compelled to do. The purpose of the federal action was to recover damages for an alleged tort and breach of contract. The lawsuit itself was a legitimate means to resolve a genuine dispute. Collection of damages resulting from a negligently prepared appraisal is a proper purpose and use of process. The mere fact that the suit had some collateral effect on the parties does not constitute abuse of process. Brault, 209 Mont. at 29, 679 P.2d at 240 (citing Crease v. Pleasant Grove City, 519 P.2d 888, 890 (Utah 1974)).
¶38 There is good reason for the rule that an abuse of process requires more than the simple use of the court system to file a baseless claim. The tort of abuse of process requires that the underlying suit constitute an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. If this essential element is eliminated, almost every successful defendant can sue the unsuccessful plaintiff for abuse of process. It is, after all, predictable that a successful defendant will claim that the suit against him, her, or it was baseless. A description of the tort of abuse of process, which points out the gravity of the Court’s mistake today, is articulated by the editors of American Jurisprudence 2d:
“Abuse of process” may generally be defined as the use of a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which the process was not designed. In this regard, the Restatement of Torts, 2d, states that one who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed is subject to liability to the other for harm caused by the abuse of process. It has also been stated that abuse of process is the misuse of legal process to accomplish some purpose outside the scope of the process itself, and that abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order.
*426 In its most basic sense, an action for abuse of process is intended to prevent parties from using litigation to pursue objectives other than those claimed in the suit, such as using a court’s process as a weapon to compel another party to pay a different debt or to take some action or refrain from it. Thus, the essence of a cause of action for abuse of process is a perversion of the process to accomplish some improper purpose.
Because of its potential chilling effect on the right of access to the courts, the tort of abuse of process is disfavored, and must be narrowly or strictly construed to insure the individual a fair opportunity to present his or her claim.
1 Am. Jur. 2d Abuse of Process § 1 (2005).
¶39 The Court’s decision to eliminate an essential element of the common law action for abuse of process could have a chilling effect on the policy of keeping Montana courthouses open to all. Plaintiffs, who often have limited means, must now consider not only whether they have a reasonable expectation of recovering damages; they must assess whether they can afford to defend an abuse of process suit if they are unsuccessful.
¶40 I dissent from the Court’s decision on issue two.
JUSTICE RICE joins in the foregoing concurrence and dissent.