No. 83-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

KELLY J. BRAULT,

Plaintiff and Appellant,

-vs-

RICHARD DALE SMITH, ALICE SMITH,
ENGINE REBUILDERS, INC., a Mont.
corp., W.D. HIRST, JAMES H. SADLER,
& MISSOULA BANK OF MONTANA,

Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Raymond W. Brault, Helena, Montana

For Respondents:

Datsopoulos, MacDonald & Lind; Ronald B. MacDonald,
Missoula, Montana (Smith & Engine Rebuilders)
Patterson, Marsillo, Tornabene & Schuyler; John Dostal,
Missoula, Montana (Hirst)
Worden, Thane & Haines; Patrick G. Frank, Missoula,
Montana (Bank of Montana)

Submitted on Briefs: December 22, 1983

Decided: March 29, 1984

Filed: MAR 29 1984

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant Kelly Brault filed a complaint on May 9, 1980, in the Missoula County District Court alleging libel, slander, contract losses and abuse of process. The defendants in that action, Richard and Alice Smith, Engine Rebuilders, Inc., W. D. Hirst, James Sadler and the Missoula Bank of Montana (hereinafter referred to as respondents) filed motions to dismiss. After oral argument the District Court issued an order of dismissal from which Kelly Brault appeals.

The allegations in appellant's complaint concerned a prior suit filed in the Missoula County District Court in April 1974. See Engine Rebuilders v. Seven Seas Import-Export (Mont. 1980), 615 P.2d 871, 37 St.Rep. 1406. This prior action arose from a contract entered into by Seven Seas Import-Export & Mercantile, Inc. (hereinafter Seven Seas), and Engine Rebuilders, Inc. The contract provided that Seven Seas would construct a commercial garage for Engine Rebuilders. When financial problems prevented Seven Seas from timely completing the building, Engine Rebuilders filed suit alleging defendant Seven Seas had misappropriated monies from a trust fund established for the purpose of construction.

Seven Seas at the time of the contract and lawsuit was a closely held corporation consisting of Raymond Brault and his family. The plaintiff and appellant in the present action, Kelly Brault, is the son of Raymond Brault and was a shareholder of Seven Seas in 1974. Kelly Brault at the time Engine Rebuilders was filed was a minor and upon motion of

2

his attorney, father and codefendant, was dismissed from that action.

Raymond Brault was adjudicated bankrupt in California in March 1977. On January 18, 1978, Raymond Brault and Seven Seas filed an amended answer to the original complaint, counterclaim, and third-party claim against the same respondents listed in this cause of action. Respondents Alice and Dick Smith were the primary shareholders of Engine Rebuilders, Mr. Sadler and Mr. Hirst, their counsel of record, and the Missoula bank was the lending institution involved in the building construction.

The counterclaim brought by Raymond Brault and Seven Seas alleged essentially the same cause of actions brought by shareholder Kelly Brault in the present action: libel, slander, contractual interference, conspiracy, negligence and conversion. On September 14, 1979, the District Court dismissed these counterclaims of Seven Seas on the basis of the relevant statute of limitations. This Court affirmed. Engine Rebuilders, supra.

Having attained the age of majority, Kelly Brault filed the present lawsuit as a former shareholder of Seven Seas. Defendants' motion to dismiss was granted by the Missoula County District Court on various grounds including res judicata, collateral estoppel, privilege and failure to state a claim upon which relief can be granted.

Basing our decision primarily on the doctrine of res judicata, we affirm the dismissal of appellant's complaint.

I

The allegations of Kelly Brault all stem from actions surrounding the filing of the 1974 lawsuit by Engine

3

Rebuilders. The appellant was originally named as a defendant in that suit which charged the Braults personally and doing business as Seven Seas with fraudulently appropriating construction funds for personal use. Specifically in this appeal, Kelly Brault contends that respondents sent a letter to a potential Wyoming customer explaining the pending suit in Montana, thereby causing contractual interference with the customer. Additionally, Kelly Brault argues the business reputation of the company was damaged when notice of the lawsuit was published in a local credit bureau's "green sheet."

Appellant argues that his damages in the present suit are personal in nature and therefore distinguishable from the damages litigated by his father and Seven Seas in the prior suit. However, on closer examination, appellant's claimed injuries, particularly those arising from the alleged damage to the good will of Seven Seas and contractual interference, are indistinguishable from any other shareholder's injury.

In his complaint appellant pled mental anguish, mental suffering and reduced enjoyment of life. However, on appeal, appellant has apparently conceded the District Court's conclusion that such damages are not actionable in that they arose from a judicial complaint clothed with absolute privilege. Appellant has confined his argument before this Court to libel and slander damages flowing from the letter allegedly sent to the Wyoming customer of Seven Seas. Nonetheless, we affirm the District Court order of dismissal ruling the original complaint privileged and finding no personal defamation. Section 27-1-804(2), MCA. As to damage claims flowing from any publications collateral to the complaint, the doctrine of res judicata precludes recovery.

4

The basic proposition embraced by the doctrine of res judicata has always remained the same: a party should not be able to relitigate a matter he or she has already had an opportunity to litigate. This policy reflects the notion that a lawsuit should not only bring justice to the aggrieved parties but provide a final resolution of the controversy. Wellman v. Wellman (Mont. 1982), 643 P.2d 573, 39 St.Rep. 752.

This Court has enunciated the principles of res judicata, including collateral estoppel, on numerous occasions. In Gessel v. Jones (1967), 149 Mont. 418, 421, 427 P.2d 295, 296, we noted:

> ". . . res judicata bars the same parties from relitigating the same cause of action while collateral estoppel bars the same parties from relitigating issues which were decided with respect to a different cause of action [citation omitted]. The bar that arises from collateral estoppel extends to all questions essential to the judgment and actively determined by a prior valid judgment [citation omitted]."

Res judicata technically only pertains to situations where a cause of action or claim has been previously litigated. For this reason, it is referred to in contemporary legal vernacular as claim preclusion. Its counterpart where a specific issue has been litigated is collateral estoppel or issue preclusion. Both concepts are intermixed in this appeal; the doctrine of res judicata will be used in its broader sense, as a collective term, encompassing both issue and claim preclusion.

A decade after Gessel in Meagher County Newlan Creek Water District v. Walter (1976), 169 Mont. 358, 361, 547 P.2d 850, 852, we recognized that issue or claim preclusion was

5

applicable to not only the parties to the prior action but their privies:

> ". . . The doctrine of res judicata states that a final judgment on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby litigated, as to the parties and their privies . . ."

In Fox v. 7L Bar Ranch Co. (Mont. 1982), 645 P.2d 929, 39 St.Rep. 862, this Court summarized the necessary criteria for applying the doctrine of res judicata. These criteria are: (1) the parties or privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and relate to the same subject matter; and (4) the capacities of the persons must be the same in relation to the subject matter and issues between them.

Appellant's strongest argument against application of res judicata in this suit is that the parties are not the same. Kelly Brault was dismissed from the original suit. This argument must fail, however, because Kelly Brault, as a shareholder, was a privy to the corporate party Seven Seas in Engine Rebuilders. A privy is broadly defined as one who has an interest in an action. Black's Law Dictionary, 5th Ed. at 1077 (1979). In reference to a judgment it applies to one whose interest has been legally represented at trial. 46 Am.Jur.2d Judgments, § 532 at 686. Kelly Brault without a doubt had an interest in the previous action. He was a shareholder in a closely-held family corporation involved in a suit over property of the corporation. Seven Seas through its counsel, appellant's father, represented the interests of its shareholders including Kelly Brault.

Other jurisdictions have found privity to exist between a corporation and its shareholders and a decree against the

6

corporation conclusive on its shareholders. The only caution expressed by these courts is that the prior action must be adversary in nature--that is, no collusion can exist between the opposing party and the corporation representing the shareholder. Gagnon Co. v. Nevada Desert Inn (1955), 45 Cal.2d 448, 289 P.2d 466; Ballas v. Caldis (1968), 167 Colo. 248, 447 P.2d 224; Meeker v. Walker (1969), 80 N.M. 280, 454 P.2d 762. Here, where there was no evidence of collusion between Seven Seas and Engine Rebuilders in the prior litigation, the shareholders are privies of the corporation for purposes of res judicata.

The other criteria for application of res judicata set forth in Fox are met in this case. The subject matter of the counterclaim in Engine Rebuilders was the filing of the original complaint and collateral publications of the pendency of the lawsuit. Kelly Brault's present lawsuit flows from the same set of facts and circumstances. Damages claimed in both suits stem from the alleged malignment of Seven Seas' business name. The issues raised in both suits are identical. As this Court noted in Fox, identity of issues is an important criteria for purposes of res judicata. Among the primary issues raised in Engine Rebuilders was whether Seven Seas could maintain claims for libel, slander and contractual interference. These claims are identical to those raised by appellant. The claims were dismissed in the prior suit because the statute of limitations had run. Such an involuntary dismissal is an adjudication on the merits by the express language of Rule 41(b), M.R.Civ.P.: ". . . a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or

7

failure to join a party under Rule 19, operates as an adjudication on the merits."

Finally, under _Fox_, the capacities of the persons must be the same in relation to the subject matter and issues between them. As we have noted, appellant claims damages that arise from his former capacity as a shareholder of Seven Seas. The corporation litigated identical claims, in an identical capacity, against the same defendants. The criteria for application of res judicata are fully satisfied and appellant is barred from relitigating claims of libel, slander and contract interference.

Derivative actions by shareholders are authorized by the Montana Rules of Civil Procedure. However, before a shareholder may maintain such action, the corporation must have failed to enforce the right. Rule 23.1, M.R.Civ.P. Here there was an attempt by Seven Seas to bring action on the alleged defamation and contractual interference. Consequently, any subsequent derivative action by a shareholder is precluded.

### III

As a final matter we address appellant's contention that the District Court erroneously dismissed his claim of abuse of process. Essential to proof of abuse of process is (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. Prosser, _Law of Torts_, 4th Ed., 857 (1971). While we have not previously had an opportunity to recognize these elements, numerous jurisdictions have so held. See for example, Barquis v. Merchants Collection Association of Oakland (1972), 101 Cal.Rptr. 745, 496 P.2d 817.

Appellant failed in his original complaint to clearly set forth an ulterior motive on the part of respondents. More importantly, no allegations were made that the process was used for an improper purpose. Engine Rebuilders in the original suit attempted to recover sums lost on the construction project. Pressing valid legal claims to their regular conclusion, even with an ulterior motive, does not by itself constitute abuse of process. Farmers Gin Company v. Ward (1964), 73 N.M. 405, 407, 389 P.2d 9, 11.

For a defendant to claim abuse of process, there must be an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not be legally and regularly compelled to do. Crease v. Pleasant Grove City (1974), 30 Utah 2d 451, 519 P.2d 888; Batten v. Abrams (1981), 28 Wash.App. 737, 626 P.2d 984. For example, in Hopper v. Drysdale (D. Mont. 1981), 524 F.Supp. 1039, defendant attorneys noticed and took plaintiff's deposition with the ulterior motive of having him present in Gallatin County so he could be served and arrested on an outstanding contempt order issued in an unrelated proceeding. The federal court held that these facts, if proven, would constitute the tort of abuse of process as the process was put to a use perverted beyond its intended purpose.

Here there was no such perversion. Collection of damages resulting from a partially performed construction contract is a proper purpose and use of process. The mere fact that the suit had some collateral effect on the conduct of the parties does not constitute abuse of process. Crease, supra.

Appellant's reliance on Hayes v. Union Mercantile Co. (1902), 27 Mont. 264, 70 P. 975, is misplaced. There this

9

Court held that one can recover for wrongful and malicious attachment when carried out without probable cause. Such circumstances are not present in the case at bar. Appellant is directed, however, to dictum in Hayes in which the court did address an analogous factual situation:

> ". . . If one rightfully and lawfully cause an attachment to be levied upon the property of a person in business, one naturally expects the fact of such attachment to be published to the business world, and that the credit of the person attached, if he have any, may be injured; but such a person is not liable in damages, for he has the right to levy the attachment to secure an honest debt. . . ." 27 Mont. at 275, 70 P. at 979.

For the foregoing reasons, appellant has failed to establish a cause of action for abuse of process.

The District Court's dismissal of appellant's complaint is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices