No. 86-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MORRIS THORING, as Personal Representative
of PATTY JEAN THORING, Deceased, MORRIS
THORING as Guardian of Shawn Michael Thoring,
surviving heir of Patty Thoring and NATIONAL
FARMERS UNION INSURANCE COMPANY, a corporation,

        Plaintiffs and Respondents,

-vs-

EARL L. LaCOUNTE and JANICE C. LaCOUNTE,
d/b/a LENNY'S BAR, and MICHAEL J. BOTTENSEK,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Crowley; Haughey; Hanson; Toole & Dietrich; Donald L.
Harris, Billings, Montana

    For Respondents:

        Bjella, Neff, Rathert, Wahl & Eiken; Al Wahl & William
E. McKechnie, Williston, North Dakota

---

Submitted on Briefs: Dec. 4, 1986

Decided:  February 9, 1987

Filed: FEB 9 - 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


On petition for rehearing, appellants LaCounte have called to our attention the District Court's certification of the issue of res judicata pursuant to Rule 54(b), M.R.Civ.P., and we find that the same is ripe for appeal. Accordingly, we withdraw our earlier opinion of January 8, 1987 and substitute the opinion below.

The LaCountes appeal the order of the District Court, Fifteenth Judicial District, County of Roosevelt, denying their motion for summary judgment. We dismiss the appeal and remand for further proceedings.

This case is a wrongful death action arising out of an automobile accident which occurred September 20, 1980, three miles west of Williston, North Dakota. The facts of this case have been set out previously by this Court in Nehring v. LaCounte (Mont. 1986), 712 P.2d 1329, 43 St.Rep. 93. The plaintiff in this action, however, is the father of Patty Thoring, who was killed while a passenger in the car of defendant Michael Bottensek. The father seeks damages from LaCountes as owners of Lenny's Bar for negligently serving liquor to the allegedly intoxicated Bottensek, whose driving later that evening killed three people when his car crossed over the centerline of U.S. Highway 2 and collided with an oncoming vehicle driven by Mr. Nehring.

Thoring filed suit in North Dakota and in Montana on behalf of Patty Thoring's estate and on behalf of Patty's son Shawn. The suit in North Dakota was ultimately dismissed with prejudice in 1984. LaCountes then moved the Montana District Court for summary judgment on the grounds that the North Dakota judgment of dismissal with prejudice was res

judicata on the Montana action. The Montana District Court granted partial summary judgment in favor of LaCountes as to the issue of the applicability of the North Dakota Dram Shop Act, but denied summary judgment as to LaCountes' liability under Montana law. For the purposes of this appeal, the District Court certified its judgment on the issue of res judicata as a final judgment pursuant to Rule 54(b), M.R.Civ.P. Roy v. Neibauer (1980), 188 Mont. 81, 610 P.2d 1185.

The issues raised by LaCountes on appeal are: 1) Whether the doctrines of res judicata and full faith and credit preclude the plaintiff from relitigating claims previously dismissed with prejudice by the North Dakota trial court?; 2) Whether the Montana District Court erred in denying LaCountes' motion for summary judgment?

We turn first to the issue of res judicata, which we find to be dispositive of the issues on appeal. As we stated in Brault v. Smith (Mont. 1984), 679 P.2d 236, 238, 41 St.Rep. 527, 529, "[t]he basic proposition embraced by the doctrine of res judicata has always remained the same: a party should not be able to relitigate a matter he or she has already had an opportunity to litigate." The application of res judicata presumes a judgment was rendered on the merits of the case, the policy being that a lawsuit should bring not only justice to the parties, but also provide a final resolution to the controversy. Id. at 238, 41 St.Rep. at 529.

The LaCountes argue that under the full faith and credit clause of the United States Constitution, Art. IV, § 1, U.S. Const., and under Montana law, § 26-3-203, MCA, the effect of the judgment of the North Dakota action must have the same effect in our Court as it does in North Dakota. They argue

that North Dakota law should guide the interpretation of the effect of the North Dakota judgment and res judicata.

Under the full faith and credit clause of the United States Constitution, and § 26-3-203, MCA, a valid judgment rendered in one state must be recognized in a sister state. Restatement (Second) of Conflict of Laws § 93 (1971). What issues are determined by a valid judgment is determined by the local law of the state where the judgment was rendered. Restatement (Second) of Conflict of Laws § 95, comment c. Local law dictates whether or not a judgment was made on the merits, and other states will recognize a judgment not on the merits only as to the issues actually decided. Restatement (Second) of Conflict of Laws § 110, comment b.

In North Dakota, an issue is considered res judicata when it appears the issue presented in a later suit was litigated and decided. Dolajak v. State Auto. & Cas. Underwriters (N.D. 1977), 252 N.W.2d 180, 182-83; followed in Rugby Milling Co. v. Logosz (N.D. 1977), 261 N.W.2d 662; Matter of Estate of Nelson (N.D. 1979), 281 N.W.2d 245; Becker v. Doubek (N.D. 1980), 292 N.W 2d 72; Farmers State Bank v. Slaubaugh (N.D. 1985), 366 N.W.2d 804. "The doctrine of res judicata is not applicable as to issues and facts not considered or decided in prior proceedings." Farmers State Bank v. Slaubaugh, 366 N.W.2d at 807. Further, the North Dakota Supreme Court has stated "that a decision rendered on any ground which does not involve the merits of the action may not be used as a basis for the operation of the doctrine of res judicata." Robertson Lumber Co. v. Progressive Contractors, Inc. (N.D. 1968), 160 N.W.2d 61, 77.

With these principles in mind, we turn to the record in the North Dakota action to see what issues were decided in that action. Thoring filed a complaint in a wrongful death suit pursuant to the laws of North Dakota and the laws of

- 4 -

Montana. In their answer, the LaCountes raised the affirmative defense of lack of personal jurisdiction. They then moved for summary judgment on the ground of lack of personal jurisdiction over them, and the inapplicability of the North Dakota Dram Shop Act to them. The North Dakota District Court denied LaCountes' motion, finding that it had personal jurisdiction and that the North Dakota Dram Shop Act applied. LaCountes appealed this order to the North Dakota Supreme Court in Thoring v. Bottensek (N.D. 1984), 350 N.W.2d 586.

The North Dakota Supreme Court declined to reach the issue of personal jurisdiction, narrowly holding that a Montana bar could not be liable under the North Dakota Dram Shop Act. Thoring v. Bottensek, 350 N.W.2d at 591. The court expressly stated, "Our holding today is strictly limited to the determination that North Dakota's dram shop act applies only to North Dakota vendors. We make no determination regarding the possibility of the Montana court reconsidering its previous rulings." (Emphasis added.) Id. The court declined to make Montana law, remarking that the LaCountes could be held liable only under Montana common law, which could be created only by a Montana court. Id. at 588. The North Dakota Supreme Court then reversed the trial court's order.

On August 13, 1984, the North Dakota District Court entered its order for judgment of dismissal "[p]ursuant to the mandate of the Supreme Court of the State of North Dakota, dated June 19, 1984, in the above entitled matter, and the opinion of the Supreme Court filed May 23, 1984 . . .." We find the record clearly reveals that the sole issue fully litigated in the North Dakota courts was the issue of whether North Dakota's Dram Shop Act applied extraterritorially to the LaCountes. The issue of the

the liability of the LaCountes under Montana law was never litigated or decided. As to the issue of the extraterritorial effect of the North Dakota Dram Shop Act, we hold the judgment was decided on the merits, and under the full faith and credit clause and § 26-3-203, MCA, relitigation is barred under the doctrine of res judicata. However, as to the issue of LaCountes' liability under Montana law, we hold the liability issue was not litigated and decided in the North Dakota courts, and the Montana courts are free to examine the issue.

The second issue raised by LaCountes is whether their motion for summary judgment was properly denied by the Montana District Court. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Reagan v. Union Oil Co. of California (Mont. 1984), 675 P.2d 953, 956, 41 St.Rep. 131, 134. The duty of the trial court on a motion for summary judgment is to decide whether genuine issues of fact exist, not how those factual issues are to be decided. Harland v. Anderson (1976), 169 Mont. 447, 450, 548 P.2d 613, 615.

In this case, the District Court granted LaCountes' motion as to the second claim of Thoring's complaint, which alleged LaCountes' liability under the North Dakota Dram Shop Act. However, the District Court allowed Thoring's claims as to the alleged negligence of LaCountes under Montana law to go forward. Generally, factual issues relating to negligence are not susceptible to summary judgment. Hendrickson v. Neiman (Mont. 1983), 665 P.2d 219, 222, 40 St.Rep. 909, 912. In this case as with Nehring v. LaCounte, factual questions remain to be answered. LaCountes' motion for summary judgment was properly denied by the District Court.

The order of the District Court is affirmed, and the cause is remanded to the District Court for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices