BECKY S. WAKEHOUSE, Special Adm'x of the Estate of Gary D. Wakehouse, Deceased, on Behalf of Decedent and the Surviving Next of Kin of Decedent, Plaintiff-Appellee, v. GOODYEAR TIRE AND RUBBER COMPANY *et al.*, Defendants-Appellants (Leslie P. Sorenson *et al.*, Third-Party Defendants-Appellants).

Third District  Nos. 3—03—0884, 3—03—0885, 3—03—0904 cons. and Nos. 3—03—0910, 3—03—0913 cons.

Opinion filed November 18, 2004.

Alyssa M. Campbell, Thomas H. Neuckranz, Edward R. Moor, Lloyd E. Williams, Jr., and Barry L. Kroll (argued), all of Williams, Montgomery & John, Ltd., of Chicago, for appellant Goodyear Tire & Rubber Company.

Craig Levien and Jean Dickson Feeney, both of Betty, Neuman & McMahon, of Davenport, Iowa, for other appellants.

Patrick S. O'Brien, Daniel Bennett and Newton G. McCoy (argued), all of C. Marshall Friedman, P.C., of St. Louis, Missouri, and James R. Carter, of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

In these consolidated appeals, defendants Goodyear Tire & Rubber Company, Titan Wheel Corporation, Titan International, Inc., T.D. Wheel Company of Virginia, Inc., Caterpillar, Inc., Caterpillar Tractor Company, and third-party defendants Leslie Sorenson, Kay Sorenson, Virgil Sorenson and Sorenson's Tire Store sought leave to appeal under Supreme Court Rules 306 (166 Ill. 2d R. 306) and 308 (155 Ill. 2d R. 308) from rulings of the circuit court denying defendants' motions to dismiss based on *forum non conveniens*. Appeal No. 3—03—0910 presents an issue of first impression regarding a plaintiff's ability to refile a case in Illinois after a dismissal under the interstate branch of *forum non conveniens*. Appeal No. 3—03—0884 involves application of familiar *forum non conveniens* principles to plaintiff's choice of forum.

## Background

On February 6, 1997, Gary D. Wakehouse was killed in Burt County, Nebraska, while changing a tire on a Caterpillar road grader. According to plaintiff's complaint, the wheel rim of the road grader separated, causing the side ring to strike Wakehouse. Plaintiff filed a complaint on August 15, 1997, in St. Clair County, Illinois, alleging product liability and negligence claims. The defendants subsequently filed a motion to dismiss based on improper venue and on the grounds of interstate *forum non conveniens*. The circuit court denied the motion and, after granting defendants' Rule 306 petition for leave to appeal, the Fifth District Appellate Court affirmed in a Rule 23 order entered on July 19, 2001. Defendants then filed a petition for leave to appeal to the Illinois Supreme Court under Rule 315. 177 Ill. 2d R. 315. The supreme court entered a supervisory order vacating the appellate court's order and remanding for reconsideration in light of *Vinson v. Allstate*, 144 Ill. 2d 306, 579 N.E.2d 857 (1991). The appellate court, in a second Rule 23 order issued on November 27, 2001, ruled that the trial court had abused its discretion in denying defendants' motion to dismiss. *Wakehouse v. Titan Wheel Corp.*, No. 5—99—0749 (2001) (unpublished order under Supreme Court Rule 23). The court found that either Burt County, Nebraska, or Onawa, Iowa, where the decedent resided and was employed, would be a more convenient forum. Thereafter, the trial court dismissed the case on February 13, 2002, in an agreed order which provided, pursuant to Supreme Court Rule 187, that defendants would accept service of process if plaintiff refiled in another forum within six months. See 134 Ill. 2d R. 187(c)(2)(i). Defendants also agreed to waive any statute of limitations defense. See 134 Ill. 2d R. 187(c)(2)(ii).

On July 30, 2002, plaintiff refiled her case in Peoria County, Illinois. Peoria is the world headquarters and principal place of business of defendant Caterpillar. Its research and design facilities are located nearby. In addition, the principal places of business of two of the Titan defendants are located in Quincy, Illinois, about 130 miles from Peoria. The defendants filed motions to dismiss, asserting that the previous dismissal on the grounds of interstate *forum non conveniens* precluded plaintiff from refiling in any Illinois county. These motions were denied by the Peoria County circuit court, which certified the following question for interlocutory appeal under Rule 308:

> "Is the trial court correct in its ruling that dismissal pursuant to Supreme Court [R]ule 187(c)(2)—on the grounds of interstate forum non conveniens—of a suit, then pending in one county in the State of Illinois, does not preclude the filing of the suit in another county in the State of Illinois?"

Thereafter, the circuit court ruled on an additional ground for dismissal which defendants had asserted in their motions. Defendants contended, as they had in the circuit court of St. Clair County, that plaintiff's complaint should be dismissed on the basis of interstate *forum non conveniens*, again citing Nebraska and Iowa as more convenient forums. The Peoria circuit court denied defendants' motions on October 8, 2003, and defendants filed a petition for leave to appeal pursuant to Rule 306(a)(2). 166 Ill. 2d R. 306(a)(2). This court subsequently granted leave to appeal under Rule 308 but denied the Rule 306 petition. Defendants then petitioned the Illinois Supreme Court for leave to appeal. In a supervisory order, the supreme court ordered this court to grant the Rule 306 petition and address the *forum non conveniens* issue on the merits, if appropriate, only after ruling on the Rule 308 issue. Thus, after numerous rulings by two different circuit courts, two districts of the appellate court, and the Illinois Supreme Court, it has yet to be determined, more than seven years after it was initially filed, where this case will be tried. We find that it should be in Nebraska or Iowa, not in Peoria County, Illinois.

## Appeal No. 3—03—0910

We first consider the question certified by the circuit court, whether a dismissal on the grounds of interstate *forum non conveniens* bars plaintiff from refiling her suit in another Illinois county. As this concerns a question of law, we review the circuit court's decision *de novo*. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 798 N.E.2d 75 (2003).

## Scope of the Prior Dismissal

Defendants maintain that a dismissal on the basis of interstate *forum non conveniens* constitutes a finding that the entire State of Illinois is an inconvenient forum, not just St. Clair County. Therefore, argue defendants, plaintiff is prohibited from relitigating that issue by filing her lawsuit in another Illinois county.

■ It is true, of course, that *forum non conveniens* has two potential applications: interstate and intrastate. "The interstate branch of *forum non conveniens* considers whether Illinois is an appropriate state in which to litigate the controversy, and the intrastate branch of the doctrine considers whether the cause is being litigated in the most convenient county within Illinois." *Bird v. Luhr Brothers, Inc.*, 334 Ill. App. 3d 1088, 1091, 779 N.E.2d 907, 911 (2002); see also *Lambert v. Goodyear Tire & Rubber Co.*, 332 Ill. App. 3d 373, 773 N.E.2d 133 (2002). In deciding an interstate *forum non conveniens* motion, a plaintiff's home forum is the state in which she lives, not the specific county of residence. *Bird*, 334 Ill. App. 3d 1088, 779 N.E.2d 907. Nevertheless, a circuit court ruling on an interstate *forum non*

*conveniens* motion does not generally consider and weigh any connections the litigation may have to every county in Illinois in which venue may be proper. Instead, the court compares the county in which suit has been filed to the specific courts in other states suggested as alternative forums by the defendants.

For example, the analysis employed by the appellate court in its second Rule 23 order emphasizes the strength of the connections to Iowa and Nebraska versus the lack of connection to St. Clair County:

"Here, plaintiff and decedent were residents of Onawa, Iowa. Decedent's place of employment was located in Onawa, Iowa, so records concerning his employment and training would be in Iowa. Similarly, his coemployees were residents of Iowa. Any damage evidence would be located in Iowa. Illinois has limited subpoena power over residents of Iowa.

Additionally, the accident occurred in Burt County, Nebraska. The investigation of the occurrence was conducted by persons located in or near Burt County, Nebraska. The records of the road graders and their maintenance would be in Burt County, Nebraska. The witnesses to the accident are in Burt County, Nebraska. If a jury view was found to be necessary, the jury would have to go to Burt County, Nebraska. This would be difficult if the trial were held in St. Clair County, Illinois. It is also likely that either Iowa or Nebraska law, rather than Illinois law, will apply to this case. Illinois likewise has limited subpoena power over the residents of Nebraska.

Even though two of the defendant businesses have principal places of business in Illinois, although not in St. Clair County, the supreme court's directive to review *Vinson* suggests that this factor plays little or no role in a consideration of a motion to dismiss under the doctrine of *forum non conveniens*. The supreme court directs us to *Vinson* and thereby indicates that the residents of St. Clair County should not be burdened with jury duty since none of the events surrounding this case took place in St. Clair County. Further, this case has some admitted connections to either Onawa, Iowa, or Burt County, Nebraska, and the residents of either Nebraska or Iowa have a local interest in having this controversy heard at home. Therefore, we must find that the private-interest and the public-interest factors weigh strongly in defendants' favor and outweigh plaintiff's choice of forum and the trial court abused its discretion when it denied defendants' motion to dismiss under the doctrine of *forum non conveniens*." *Wakehouse*, slip op. at 6-7.

Other than a passing reference to two of defendants' principal places of business being located outside of St. Clair County, there is no indication that the court considered whether other Illinois counties,

such as Peoria County, where Caterpillar is headquartered, or Adams County, which contains the headquarters and principal place of business of two of the Titan defendants, would be convenient. While an analysis which focuses on the public and private interest factors on a statewide basis *could* be employed, we do not believe that its use is typical. More importantly, we do not believe it was done in this case.

Thus a finding that another state provides a more convenient forum does not, as a matter of *fact*, mean that a comparison with some other Illinois county would yield the same result. This case, in which Peoria County has a markedly stronger connection to the litigation than St. Clair County, illustrates that point. The more significant question is whether, as a matter of *law*, a dismissal on the basis of interstate *forum non conveniens* bars plaintiff from refiling in another county in Illinois.

### Res Judicata/Collateral Estoppel

Defendants assert that under principles of *res judicata* and collateral estoppel, plaintiff is precluded from relitigating the issue of whether Nebraska or Iowa is a more convenient forum than Illinois. We disagree.

■ The principle of *res judicata*, also referred to as claim preclusion (see *A.W. Wendell & Sons, Inc. v. Qazi*, 254 Ill. App. 3d 97, 626 N.E.2d 280 (1993); *Morris v. Union Oil Co. of California*, 96 Ill. App. 3d 148, 421 N.E.2d 278 (1981)), provides that a final judgment on the merits is conclusive as to the rights of the parties and their privies and constitutes an absolute bar to a subsequent action involving the same cause of action. The three requirements for *res judicata* to apply are: (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of the parties or their privies. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 757 N.E.2d 471 (2001). *Res judicata* is not applicable in this case because there has been no final adjudication on the merits. See *A.W. Wendell*, 254 Ill. App. 3d 97, 626 N.E.2d 280 (dismissal based on *forum non conveniens* is not adjudication on merits).

Collateral estoppel, also known as issue preclusion, is often recognized as a branch of *res judicata. Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 19-20, 605 N.E.2d 544, 552 (1992). It bars relitigation of issues decided in a prior action between the same parties and requires: (1) that the issue decided in the prior proceeding is identical to the one in the suit in question; (2) that the prior adjudication was a final judgment on the merits; and (3) that the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 657

N.E.2d 926 (1995). Application of collateral estoppel in this case is not appropriate for the same reason that res judicata was not—lack of a final judgment on the merits. In addition, the issue decided previously is arguably not identical to that presented here, in the sense that although the facts weighing in favor of Nebraska or Iowa as a more convenient forum are the same, Peoria County has decidedly stronger connections to the litigation than St. Clair County. We find therefore that plaintiff is not collaterally estopped from relitigating the forum non conveniens issue.[1]

## Law of the Case

■ Defendants also contend that plaintiff is prohibited from refiling in Peoria County under the doctrine of law of the case. Again we disagree.

"Under the law-of-the-case doctrine, generally, a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same." (Emphasis added.) People v. Patterson, 154 Ill. 2d 414, 468, 610 N.E.2d 16, 41 (1992). As we already have noted, after plaintiff refiled in Peoria County the facts of the case were no longer the same. In addition, although questions which were decided in a previous appeal are binding, matters which were not decided do not become law of the case. Aguilar v. Safeway Insurance Co., 221 Ill. App. 3d 1095, 582 N.E.2d 1362 (1991). The appropriateness of Peoria County as a forum was not considered in the prior litigation. Finally, similar to res judicata and estoppel, application of the law of the case doctrine requires a final judgment. Patterson, 154 Ill. 2d 414, 610 N.E.2d 16. The law of the case doctrine is therefore not applicable.

## Fundamental Fairness and Effective Judicial Administration

■ Although res judicata, estoppel and law of the case do not prohibit a plaintiff who has been dismissed on the basis of interstate forum non conveniens from refiling in another Illinois county, we believe that the doctrine itself precludes such an event. Forum non conveniens is an equitable doctrine that "is based on considerations of

---

[1]Technically, this issue is more appropriately characterized as one of direct estoppel rather than collateral estoppel. Direct estoppel arises where the proceeding in which the estoppel is asserted is a continuation of the prior proceeding. See People v. Daniels, 187 Ill. 2d 301, 320 n.3, 718 N.E.2d 149, 161 n.3 (1999); see also Alcantara v. Boeing Co., 41 Wash. App. 675, 705 P.2d 1222 (1985) (issue preclusion in second action on same claim is direct estoppel and on different claim is collateral estoppel.) However, the analysis is the same, as claims of collateral and direct estoppel are decided by applying the same rules. Daniels, 187 Ill. 2d at 320 n.3, 718 N.E.2d at 161 n.3.

fundamental fairness and sensible and effective judicial administration." *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 171, 797 N.E.2d 687, 693 (2003). It allows a court to decline jurisdiction and direct the litigation to a forum that can better serve the convenience of the parties and the ends of justice. *Dawdy*, 207 Ill. 2d at 171-72, 797 N.E.2d at 693. The purposes underlying the doctrine would be ill-served by allowing plaintiffs who have fully litigated and lost an interstate *forum non conveniens* motion to avoid its effects by the simple expedient of choosing a different Illinois county. Permitting such a practice would, in defendants' words, "make the first $4^{1}/2$ years of this litigation all for nothing, and would require the defendants to prove the non-existence of a convenient forum in all 102 counties in the State of Illinois." It would also promote forum shopping, a practice that is contrary to the purposes behind the venue rules. See *Dawdy*, 207 Ill. 2d at 174, 797 N.E.2d at 694, quoting *Certain Underwriters at Lloyds, London v. Illinois Central R.R. Co.*, 329 Ill. App. 3d 189, 196, 768 N.E.2d 779, 785 (2002). Indeed, allowing a plaintiff to have multiple "bites of the apple" until he finds a county or a court that suits him creates an *incentive* to forum shop. We further note the potential for substantial delay, as evidenced by the time elapsed in this case, with its concomitant inconvenience to both plaintiff and defendants.

The battle over a forum has been described as a " 'battle over minutiae.' " *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335, 645 N.E.2d 184, 190 (1994), quoting *Peile v. Skelgas, Inc.*, 242 Ill. App. 3d 500, 522, 610 N.E.2d 813, 829 (1993) (Lewis, J., specially concurring). Those battles are fought to promote the interests of justice by endeavoring to ensure that a case is tried where both plaintiffs and defendants can receive a trial that is as convenient, expeditious and fair as possible. We will not turn that battle into an endless war of attrition by providing multiple battlefields. We hold that a dismissal on the basis of interstate *forum non conveniens* precludes plaintiff from refiling in another county in Illinois.

Finally, plaintiff's citation to *Haring v. Chicago & North Western Transportation Co.*, 103 Ill. 2d 530, 470 N.E.2d 288 (1984), merits comment. In *Haring* the plaintiff filed suit in Madison County, Illinois, despite the fact that the only connections to the case were that defendant's railroad tracks ran through that county and it was the site of plaintiff's lawyers' office. The defendant filed a *forum non conveniens* motion to dismiss or to transfer the case, suggesting Clinton County, Iowa, or Whiteside County, Illinois, as alternative forums. The trial court denied the motion and the supreme court reversed and remanded with directions to grant the motion to dismiss. The court also, however, instructed the trial court that it could transfer the case

to Whiteside County, Illinois, if it found that it was more convenient to have the case tried there. *Haring*, 103 Ill. 2d at 534, 470 N.E.2d at 290.

Plaintiff argues that the result reached by the supreme court in *Haring* would not have been possible if dismissal based on interstate *forum non conveniens* precludes plaintiff from refiling in another Illinois county. We disagree. The distinguishing factor in *Haring* was that defendant had filed a motion to dismiss *or transfer* the case. In such a case, a defendant is in no position to complain if he is granted the very relief which he sought. In addition, the potential problems associated with permitting refilings in another Illinois county are minimized when that county is identified and the trial court has the opportunity to assess its suitability prior to ruling on the *forum non conveniens* motion. Accordingly, we find that a plaintiff is precluded from refiling a lawsuit in another Illinois county following dismissal based on interstate *forum non conveniens* unless a motion to transfer to another county within Illinois has previously been filed. In that situation the trial court may, if it is appropriate, transfer the case rather than dismiss it.

## Conclusion

Our answer to the question certified by the trial court is no, its ruling was not correct. A dismissal on the grounds of interstate *forum non conveniens* does preclude refiling of the suit in another county in Illinois. Accordingly, we reverse and remand with directions to grant the defendants' motions to dismiss pursuant to Supreme Court Rule 187(c)(2). 134 Ill. 2d R. 187(c)(2).

### Appeal No. 3—03—0884—Rule 306 Appeals

Given our ruling above, there is no need to consider whether the trial court abused its discretion in denying defendants' motions to dismiss the Peoria County case on the basis of interstate *forum non conveniens*. We therefore dismiss those appeals.

For the reasons stated above, the judgment of the circuit court in appeal No. 3—03—0910 is reversed and remanded with directions. Appeal No. 3—03—0884 is dismissed.

No. 3—03—0910, Certified question answered; reversed and remanded with directions.

No. 3—03—0884, Appeal dismissed.

HOLDRIDGE, P.J., and BARRY, J., concur.