DA 07-0726

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 421

JAY COOK,

        Plaintiff and Appellant,

   v.

SOO LINE RAILROAD COMPANY
d/b/a CANADIAN PACIFIC RAILWAY,

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Lewis And Clark, Cause No. CDV 07-692
                  Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Gregory T. Yaeger, Robert T. Dolan; Yaeger, Jungbauer, & Barczak,
                PLC; Minneapolis, Minnesota

        For Appellee:

                Randy J. Cox, Thomas J. Leonard; Boone Karlberg P.C.;
                Missoula, Montana

Submitted on Briefs:  August 19, 2008

Decided:  December 16, 2008

Filed:

_____
                       Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Jay Cook ("Cook") appeals from an order entered in the First Judicial District Court, Lewis and Clark County, Montana, dismissing Cook's Federal Employers Liability Act ("FELA") claim in favor of Soo Line Railroad Company, d/b/a Canadian Pacific Railway ("Soo Line"), on the basis that an Illinois court's dismissal for interstate *forum non conveniens* was a final judgment entitled to full faith and credit in Montana. We reverse.

¶2 We restate the issue as follows:

¶3 Did the District Court err by affording full faith and credit to an order entered in Illinois, which dismissed Cook's FELA claim for interstate *forum non conveniens* and ordered Cook to re-file in Indiana?

## BACKGROUND

¶4 This case originates from a claim filed in the Circuit Court of Cook County, Illinois ("Circuit Court"). In Illinois, Cook sought to recover damages under FELA for injuries Cook allegedly sustained to his knees while working as a railroad conductor for Soo Line. Shortly after the complaint was filed in Illinois, however, Soo Line moved to dismiss the claim on the basis of interstate *forum non conveniens*, which the Circuit Court granted. In dismissing the claim, the Circuit Court ordered Cook to re-file in Indiana, stating, "This case is dismissed, to be re-filed in Indiana State Court or [the United States District Court] for the Southern District of Indiana as stated on the record." According to Soo Line, the Circuit Court dismissed the case, in part, because "Cook and most of the

2

witnesses reside[d] in Indiana" and because "Cook worked the majority of his career in Indiana," the State in which Cook allegedly sustained his work-related injuries.

¶5    Cook, however, did not appeal the Illinois order or re-file in Indiana. Instead, Cook filed his FELA claim in Cascade County, Montana, even though Cook did not live or work for Soo Line in Montana. In the complaint, Cook stated that jurisdiction in Montana was proper under FELA because of Soo Line's ownership of railroad track "in or around Sweet Grass, Montana, located in Toole County, Montana." After the claim was filed in Cascade County, the parties stipulated to transferring the case to Lewis and Clark County, the location of Soo Line's registered agent. Thereafter, Soo Line again sought to dismiss Cook's claim, arguing to the District Court that the Circuit Court's order in Illinois was a final judgment entitled to full faith and credit in Montana. Specifically, Soo Line contended that the Illinois order was "entitled to *res judicata* effect" in Montana and stated that "[b]ecause the proper forum for this action was already determined by the Cook County court to be Indiana, [Cook] cannot simply disregard that Order and re-file the case [in Montana]." In response, Cook argued that "a dismissal on the grounds of interstate *forum non conveniens* is not a final adjudication on the merits as would be required for the elements of *res judicata* . . . ." Thus, according to Cook, the Illinois order was not entitled to full faith and credit in Montana. Finally, Cook claimed the Circuit Court did not have authority to order Cook to re-file the case in Indiana and that it therefore had no effect on his ability to re-file his FELA claim in Montana.

¶6 The District Court granted Soo Line's motion and dismissed Cook's claims on the basis that the Illinois order was a final judgment entitled to full faith and credit in Montana. Cook appeals.

**STANDARD OF REVIEW**

¶7 We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *In re Marriage of Fontenot*, 2006 MT 324, ¶ 20, 335 Mont. 79, ¶ 20, 149 P.3d 28, ¶ 20. Further, "this Court is not bound by the determinations of the trial court on questions of law and we are free to draw our own conclusions from the evidence presented." *Aetna Life Ins. Co. v. McElvain*, 221 Mont. 138, 144-45, 717 P.2d 1081, 1085 (1986) (citing *Sharp v. Hoerner Waldorf Co.*, 178 Mont. 419, 584 P.2d 1298 (1978)).

**DISCUSSION**

¶8 **Did the District Court err by affording full faith and credit to an order entered in Illinois, which dismissed Cook's FELA claim for interstate *forum non conveniens* and ordered Cook to re-file in Indiana?**

¶9 Cook contends that the District Court erred by affording the Illinois order full faith and credit in Montana and dismissing Cook's FELA claim on the basis of *res judicata*. Cook argues that, "[u]nder Illinois law, a dismissal for interstate *forum non conveniens* is not a final judgment on the merits for purposes of *res judicata* or collateral estoppel, and thus is not entitled to full faith and credit in Montana." While Cook does not dispute that the Full Faith and Credit Clause requires courts in Montana to recognize a valid judgment from another state, he argues that "finality is not the only prerequisite to the application

4

of *res judicata*." He claims that the pertinent question is whether the judgment in Illinois was made "on the merits." Since a dismissal for *forum non conveniens* is not "on the merits" in Illinois, Cook reasons that it cannot have preclusive effect or be afforded full faith and credit in Montana. Cook also argues that the portion of the Circuit Court's decision ordering him to re-file in Indiana was not a valid judgment, thus precluding full faith and credit in Montana. Cook states that the Circuit Court "had no authority or jurisdiction to either transfer Cook's FELA case to another state or to dictate venue upon re-filing."

¶10 Soo line, however, argues that the Illinois judgment was "a final judgment entitled to full faith and credit in Montana." In support of its position, Soo Line cites a decision from an Illinois appellate court which concludes that a "change of venue on *forum non conveniens* grounds" is a "final and appealable order." *Nemanich v. Dollar Rent-A-Car Services*, 90 Ill. App. 3d 484, 489, 413 N.E.2d 178, 182 (1980). Therefore, according to Soo Line, the judgment was final in Illinois for purposes of full faith and credit and entitled to *res judicata* effect in Montana. In light of these arguments, Soo Line contends that the District Court correctly afforded preclusive effect to the Illinois court's dismissal of Cook's FELA claim.

¶11 We note first that the District Court did not specifically state in its order that it dismissed Cook's FELA claim on the basis of *res judicata*, even though Cook and Soo Line argued the issue in their briefing on the motion to dismiss. Instead, the District Court stated that "[a] grant, but not the denial, of a *forum non conveniens* motion is a final judgment appealable as such, even when the order of dismissal is conditional"

5

(citing 32A Am. Jur. 2d *Federal Courts* § 1359), and that the order in Illinois "was a final order which [Cook] could have appealed but chose not to do so." Based on the foregoing, the District Court concluded that the dismissal in Illinois for interstate *forum non conveniens* was a final judgment entitled to full faith and credit in Montana. However, it is undisputed that the effect of the District Court's dismissal was to preclude Cook from litigating his FELA claim in Montana. Accordingly, we begin our analysis with a discussion of whether the dismissal in Illinois on the basis of *forum non conveniens* had any preclusive effect in the State of Montana—especially given Montana's open door policy with respect to FELA cases.

¶12 Generally, the doctrine of *res judicata* (more commonly known as claim preclusion) provides "that a final judgment on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby litigated, as to the parties and their privies . . . ." *Brault v. Smith*, 209 Mont. 21, 26, 679 P.2d 236, 238-39 (1984) (citing *Meagher Co. Newlan Creek Water Dist. v. Walter*, 169 Mont. 358, 361, 547 P.2d 850, 852 (1976)). In *Brault*, we also noted that "[t]he basic proposition behind the doctrine of res judicata has always remained the same: a party should not be able to relitigate a matter he or she has already had an opportunity to litigate." However, we also noted in *Thoring v. LaCounte*, 225 Mont. 77, 79-80, 733 P.2d 340, 341-42 (1987), that "the application of res judicata presumes a judgment was rendered on the merits of the case, the policy being that a lawsuit should bring not only justice to the parties, but also provide a final resolution to the controversy." To determine whether a judgment was rendered on the merits, we look to the local law of the state that issued the judgment, and

6

"will recognize a judgment not on the merits only as to the issues actually decided." *Thoring*, 255 Mont. at 80, 733 P.2d 340 at 342.

¶13    As Cook points out, a dismissal for *forum non conveniens* in Illinois is not an adjudication on the merits. *Wakehouse v. Goodyear Tire & Rubber Co.*, 353 Ill. App. 3d 346, 351, 818 N.E.2d 1269, 1275 (2004) (see also *A.W. Wendell & Sons v. Qazi*, 254 Ill. App. 3d 97, 626 N.E.2d 280 (1993). In *Wakehouse*, the Appellate Court of Illinois, Third District, addressed the issue of whether a plaintiff was precluded from re-filing a claim in Illinois when the claim had already been dismissed for *forum non conveniens* in another Illinois county. 353 Ill. App. 3d at 347-48, 818 N.E.2d at 1272-73. Upon addressing the issue, the court determined that the doctrine of *res judicata* did not preclude the plaintiff from re-filing in another Illinois county since a dismissal for *forum non conveniens* was not an adjudication on the merits. *Wakehouse*, 353 Ill. App. 3d at 351, 818 N.E.2d at 1275. However, the court determined that the doctrine of *forum non conveniens* itself precluded the plaintiff from re-filing in another Illinois county since the first court to hear the case in Illinois had already determined that the state of Illinois was an inconvenient forum for the claim. *Wakehouse*, 353 Ill. App. 3d at 352-53, 818 N.E.2d at 1276-77. The court in *Wakehouse*, however, did not make any pronouncement with regard to whether the plaintiff was precluded from re-filing in another state. In the present case, because a dismissal for *forum non conveniens* is not a final adjudication on the merits in Illinois, the Circuit Court's dismissal of Cook's FELA claim for *forum non conveniens* in Illinois cannot have preclusive effect under a theory of *res judicata* in Montana.

¶14   This conclusion is supported by our decision in *Thoring*, in which we addressed the issue of whether the Full Faith and Credit Clause or the doctrine of *res judicata* barred a "plaintiff from relitigating claims previously dismissed with prejudice" by a trial court in North Dakota.  225 Mont. at 79, 733 P.2d at 341.  In *Thoring*, a resident of Montana brought a wrongful death claim on behalf of his daughter in North Dakota and Montana against a Montana bar that had allegedly served alcohol to an individual whose driving killed three people, including the plaintiff's daughter, on a highway in North Dakota.  225 Mont. at 79, 733 P.2d at 341.  In North Dakota, the North Dakota Supreme Court ultimately determined that a Montana bar could not be held liable under the North Dakota Dram Shop Act, but made no determination about the liability of the parties under Montana law.  *Thoring*, 225 Mont. at 81, 733 P.2d at 342-43.  In Montana, the district court granted partial summary judgment to the bar upon finding that the North Dakota court's decision was *res judicata* to the applicability of the North Dakota Dram Shop Act, but denied summary judgment as to the bar's liability in Montana.  *Thoring*, 225 Mont. at 79, 733 P.2d at 341.  On appeal, we determined that the sole issue litigated in North Dakota was whether "North Dakota's Dram Shop Act applied extraterritorially" to the owners of the Montana bar and that liability under Montana law had not been decided. *Thoring*, 225 Mont. at 81, 733 P.2d at 343.  Ultimately, we held that the "extraterritorial effect of the North Dakota Dram Shop Act . . . was decided on the merits," and under the full faith and credit clause and § 26-3-203, MCA, relitigation [was] barred under the doctrine of res judicata."  *Thoring*, 225 Mont. at 81, 733 P.2d at 343.  However, we also held that the bar's liability in Montana "was not litigated and decided in the North Dakota

8

courts" and that "Montana courts [were] free to examine the issue." *Thoring*, 225 Mont. at 81, 733 P.2d at 343. In this case, the only issue actually decided by the Circuit Court in Illinois was that Illinois was not an appropriate forum and, further, that Indiana was evidently a more appropriate forum for Cook's FELA claim.

¶15    Furthermore, in the context of a dismissal for *forum non conveniens*, the Full Faith and Credit Clause does not require the District Court in Montana to afford preclusive effect to Cook's claim. The Full Faith and Credit Clause of the United States Constitution states that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, § 1. It is well established that, pursuant to the Full Faith and Credit Clause, "a valid judgment rendered in one state must be recognized in a sister state." *Thoring*, 225 Mont. at 80, 733 P.2d at 342 (citing Restatement (Second) of Conflict of Laws Section 93 (1971)). We have stated, citing the United States Supreme Court, that the obligation owed to a final judgment under the Full Faith and Credit Clause is "exacting" and that the judgment "should have the same credit, validity, and effect, in every court of the United States, which it had in the state where it was pronounced." *Carr v. Bett*, 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39 (citing *Underwriters National Assur. Co.*, 455 U.S. 691, 704, 102 S. Ct. 1357, 1365 (1982)). Likewise, § 26-3-203, MCA, states that "[t]he effect of a judicial record of a sister state is the same in this state as in the state where it was made . . . ." Finally, the Full Faith and Credit Clause "requires every State to give a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it." *Carr*, ¶ 39 (quoting *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.

9

Ct. 242, 244 (1963)). Soo Line claims that, pursuant to the full faith and credit obligations outlined above, the District Court in Montana was required to give the Illinois order preclusive effect in Montana. Specifically, Soo Line claims that "Montana must give the Illinois judgment the same effect it would be afforded in the State of Illinois— i.e. deem the judgment final and order Cook to re-file in Indiana." However, under this line of reasoning, Soo Line assumes that the portion of the Circuit Court's decision ordering Cook to re-file in Indiana precluded Cook from re-filing in Montana. We do not agree.

¶16 Under the doctrine of *forum non conveniens*, a court can decline jurisdiction and dismiss a case even if the claim is otherwise appropriate. Generally the doctrine of *forum non conveniens* assumes that there is another, more appropriate forum for the claim. In the federal system, courts are authorized to transfer a case to an appropriate forum upon dismissing a case for *forum non conveniens*. *See* 28 U.S.C. § 1404(a) (stating that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). However, unlike the federal courts, state courts have no authority to transfer a case to a different state under this doctrine. In this case, however, the Circuit Court did not attempt to transfer the case to Indiana. Instead, the Circuit Court dismissed the case and ordered Cook to re-file in Indiana, even though Cook had numerous venue options available to him under FELA. Specifically, FELA provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing

10

business at the time of commencing such action." 45 U.S.C. § 56. FELA also provides for concurrent jurisdiction between state and federal courts. 45 U.S.C. § 56. Therefore, under FELA, Cook was authorized to bring his claim in the State of Montana if jurisdiction under § 56 of FELA could be otherwise established.

¶17 Soo Line cannot point to any authority for the proposition that Cook was limited to one forum—Indiana—under either federal or state law regarding FELA claims. Given FELA's broad venue provisions and this State's well-settled policy of opening its doors to such claims, we conclude that the District Court sitting in Montana was not required to give the portion of the Illinois decision ordering Cook to re-file in Indiana full faith and credit in Montana. *See State ex rel. Burlington N. R.R. v. Dist. Ct.*, 270 Mont. 146, 891 P.2d 493, 498 (1995) (stating that "under federal case law FELA is to be given a liberal construction in favor of injured railroad employees so that it may accomplish its humanitarian and remedial purposes."). In reaching this conclusion, we note that Cook is precluded from filing in Illinois under the Illinois Circuit Court's *forum non conveniens* dismissal. Although the Illinois Circuit Court ordered Cook to re-file his FELA claim in Indiana, we conclude that the Illinois order did not preclude Cook from filing his FELA claim in Montana so long as jurisdiction in this State is otherwise appropriate. Thus, the District Court erred by affording full faith and credit to the portion of the Illinois decision ordering Cook to re-file in Indiana.

¶18 The District Court's order of dismissal is reversed.

/S/ W. WILLIAM LEAPHART

11

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JOHN WARNER

Justice John Warner concurs.

¶19    I concur with the Court's Opinion as it correctly states the applicable law. However, this case is a lucent example of why, as a matter of basic fairness to the parties and to the citizens of Montana, this Court should revisit its decision of *State ex rel. Burlington N. R.R. Co. v. Eighth Jud. Dist. Ct.*, 270 Mont. 146, 154-56, 891 P.2d 493, 498-500 (1995), and like cases, where this Court has flatly rejected the doctrine of *forum non conveniens* in FELA cases.

¶20    The common law doctrine of *forum non conveniens* allows a court to refuse to entertain an action even when jurisdiction is authorized by the letter of the law. It is applied when the ends of justice and the convenience of witnesses would be promoted by trial in another jurisdiction. *Haug v. Burlington N. R.R. Co.*, 236 Mont. 368, 375, 770 P.2d 517, 521 (1989). The courts of Montana may utilize this doctrine in a non-discriminatory fashion in FELA cases. 45 U.S.C. § 56; *Mo. ex rel. S. Ry. Co. v. Mayfield*, 340 U.S. 1, 3, 71 S. Ct. 1, 2 (1950). I am of the opinion that Montana courts

12

should be open to all those who have a claim that is legitimately made here. However just as Congress has provided, each claim should be examined and the doctrine *forum non conveniens* should be available in Montana, just as it is in Illinois, to fairly examine this FELA case and decide whether it may be more appropriately and justly tried elsewhere.

/S/ JOHN WARNER