NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER THOMPSON,<br><br>                Plaintiff-Appellant,<br><br>   v.<br><br>GREGG SULLIVAN, City of Bozeman<br>Attorney; et al.,<br><br>               Defendants-Appellees. | No.   21-35528<br><br>D.C. No. 2:18-cv-00075-BMM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 26, 2023[**]

Before: WALLACE, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

Peter Thompson appeals pro se from the district court's judgment dismissing

with prejudice his action under 42 U.S.C. § 1983; the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964(c); and state law.

This action stems from Thompson's dispute with the Cattail Creek Community

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Association ("CCCA") and numerous other defendants over covenants that restricted Thompson's ability to build on his property, and previous state-court litigation concerning other covenant restrictions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Chappel v. Lab'y Corp. of America*, 232 F.3d 719, 723–24 (9th Cir. 2000), its dismissal based on a statute of limitations, *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996), and its determination that res judicata applies, *Troutt v. Colo. W. Ins. Co.*, 246 F.3d 1150, 1156 (9th Cir. 2001). We review for abuse of discretion the district court's dismissal of the action with prejudice for failure to comply with an order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

**1.** The district court properly dismissed Thompson's claim against Wayne Jennings, Jennings Law Office, and Amy Hanson ("the Jennings defendants") for malicious prosecution, premised on their legal representation of the CCCA in the state-court litigation, because Thompson cannot show that "there was a lack of probable cause for the defendant's acts" or that "the judicial proceeding terminated favorably" for him. *White v. State ex rel. Mont. State Fund*, 305 P.3d 795, 803 (Mont. 2013) (citation omitted) (explaining requirements of a civil action for malicious prosecution); *see Cattail Creek Cmty. Assoc. v. Thompson*, 450 P.3d 865 (Mont. 2019) (unpublished) (affirming trial court's judgment in favor of the

2

CCCA).

The district court properly dismissed Thompson's claim against the Jennings defendants for abuse of process because Thompson did not allege facts showing that they used the state-court litigation "to coerce [him] to do some collateral thing which he could not be legally and regularly compelled to do." *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984) (explaining requirements of a claim for abuse of process).

The district court properly dismissed Thompson's § 1983 claim against the Jennings defendants because Thompson did not provide factually supported allegations that they conspired with a state actor. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." (citation omitted)).

The district court properly dismissed Thompson's civil RICO claim against the Jennings defendants because Thompson did not allege facts showing a pattern of racketeering activity. *See Grimmett*, 75 F.3d at 510 (explaining requirements of a civil RICO claim) (citation omitted).

**2.** The district court properly dismissed as time barred Thompson's legal malpractice, § 1983, and civil RICO claims against Arthur Wittich and Wittich Law P.C., premised on their previous legal representation of Thompson. *See* Mont. Code Ann. § 27-2-204 (three-year statute of limitations for personal injury

3

claims); *id.* § 27-2-206 (three-year statute of limitations for legal malpractice claims); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("[F]ederal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state."); *Grimmett*, 75 F.3d at 510 ("[T]he statute of limitations for a civil RICO claim is four years."). The district court properly found that Thompson's state-law claims sound in legal malpractice because "[t]he gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim." *Erickson v. Croft*, 760 P.2d 706, 710 (Mont. 1988) (citation omitted). The last alleged act by these defendants occurred on March 6, 2012, when Arthur Wittich issued an opinion letter that Thompson found unsatisfactory. Because Thompson did not file his initial complaint until November 30, 2018, the claims are time barred.

**3.** The district court properly dismissed as time barred Thompson's fraud, negligence, § 1983, and civil RICO claims against Susan B. Swimley, Inc., and Susan B. Swimley ("the Swimley defendants"), premised on their drafting of Articles of Incorporation and other work for the CCCA. *See* Mont. Code Ann. § 27-2-203 (two-year statute of limitations for fraud claims); *id.* § 27-2-204 (three-year statute of limitations for personal injury and tort claims); *TwoRivers*, 174 F.3d at 991; *Grimmett*, 75 F.3d at 510. The district court properly found that Thompson had the relevant information with respect to these defendants' actions by July

4

2011, when he sought and hired counsel for the purpose of pursuing legal action. The court properly rejected Thompson's argument that the limitations period should be tolled because he made no allegation that the Swimley defendants engaged in "affirmative conduct . . . calculated to obscure the existence of the cause of action." *Holman v. Hansen*, 773 P.2d 1200, 1203 (Mont. 1989) (citation omitted) (explaining requirements for a claim of fraudulent concealment to toll the statute of limitations). The claims thus are time barred.

The district court properly dismissed Thompson's civil conspiracy claim against the Swimley defendants because the failure of the underlying tort claim is fatal to this claim. *See Hughes v. Pullman*, 36 P.3d 339, 343–44 (Mont. 2001).

**4.** The district court properly dismissed as time barred Thompson's claims for breach of the implied covenant of good faith and fair dealing, fraud, violations of the Montana Consumer Protection Act ("MCPA"), Mont. Code Ann. § 30-13-101 *et seq.*, and under § 1983 and RICO against Richard Embry, premised on his alleged concealment of covenant changes when he sold property to Thompson. *See* Mont. Code Ann. § 27-2-202(1) (eight-year statute of limitations for breach-of-contract claims); *id.* § 27-2-203; *id.* § 27-2-204 (three-year statute of limitations for a liability that is not based on a writing); *id.* § 27-2-211(1)(c) (two-year statute of limitations for a liability created by statute); *TwoRivers*, 174 F.3d at 991; *Grimmett*, 75 F.3d at 510. The district court properly found that Thompson was

5

aware of the covenant changes by February 2010, when the City of Bozeman issued a building permit, and of any other relevant facts by July 2011, when he sought and hired legal counsel. The claims thus are time barred.

5. The district court properly dismissed as timed barred Thompson's fraud, MCPA, § 1983, and civil RICO claims against Intrinsik Architecture, Inc., Tad Tsukamoto, Allison Gilley, American Land Title Co, Brad Stratton, Sandan, LLC, Daniel Madison, and Sandra Hamilton, premised on their alleged roles in amending covenants and concealing the resulting changes. *See* Mont. Code Ann. § 27-2-203; *id.* § 27-2-204; *id.* § 27-2-211(1)(c); *TwoRivers*, 174 F.3d at 991; *Grimmett*, 75 F.3d at 510. The district court properly found that Thompson had the relevant information with respect to these defendants' actions by July 2011, when he sought and hired legal counsel. The claims thus are time barred.

6. The district court properly denied as barred by res judicata Thompson's request to declare that the CCCA lacked the ability to enforce covenant restrictions against him because it was improperly formed because Thompson litigated and lost this issue in state court. *See Troutt*, 246 F.3d at 1156–57 (explaining requirements of res judicata); *Cattail Creek Cmty. Assoc.*, 450 P.3d at *3 (holding against Thompson on this issue).

7. The district court did not abuse its discretion in dismissing with prejudice the claims in the First Amended Complaint because amendment would have been

6

futile. *See Chappel*, 232 F.3d at 725–26 ("A district court acts within its discretion to deny leave to amend when amendment would be futile." (citation omitted)).

The district court did not abuse its discretion in dismissing with prejudice the Second Amended Complaint because Thompson failed to comply with the court's previous orders to provide a more definite statement and to file an amended complaint of no more than twenty pages. *See* Fed. R. Civ. P. 12(e) (permitting the court to strike a pleading or "issue any other appropriate order" if a party fails to comply with an order to provide a more definite statement); Fed. R. Civ. P. 41(b) (permitting the court to dismiss an action for failure to comply with an order); *Ferdik*, 963 F.2d at 1260 ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." (citation, internal quotation marks, and alterations omitted)).

**8.** Thompson's contention that the district court was biased against him is unsupported by the record. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." (citation omitted)).

**9.** Thompson did not object to the magistrate judge's February 26, 2020, order denying his request to disqualify the Crowley Fleck law firm from representing defendants, and he therefore is precluded from seeking appellate

7

review of that order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

10. We decline to consider matters not specifically and distinctly raised and argued in the opening brief, including the district court's dismissal of Thompson's federal claims against U.S. Bank, N.A., John Thorn, Scott Blando, and Wayne Hirsch. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

11. Thompson's motion to supplement the record on appeal and his request for an extension of time to file the optional reply brief, filed on December 4, 2022 (Docket Entry No. 109), are DENIED.

Thompson's supplemental motion to supplement the record on appeal, filed on December 4, 2022 (Docket Entry No. 110), is DENIED.

Thompson's motion for reconsideration of this court's orders dated October 7, 2022, Docket Entry No. 104; and December 1, 2022, Docket Entry No. 108, filed on December 5, 2022 (Docket Entry No. 111), is DENIED.

Thompson's additional request for an extension of time to file the reply brief, filed on December 13, 2022 (Docket Entry No. 115), is DENIED.

**AFFIRMED.**